Case No. 23-3247

In the
UNITED STATES COURT of APPEALS
for the SIXTH CIRCUIT
_____

KEITH JONES, on behalf of himself and all others
similarly situated,
Plaintiff-Appellee,

v.

PRODUCERS SERVICES CORPORATION
Defendant-Appellant.

On Appeal from the United States District Court
for the Southern District of Ohio at Columbus

**APPELLANT'S REPLY BRIEF**

Nicholas Bobb, Esq.
Brendan Feheley, Esq.
Danielle Crane, Esq.
Kegler, Brown, Hill & Ritter
65 E. State Street, Suite 1800
Columbus, Ohio 43215
Telephone: (614) 462-5400

*Counsel for Defendant-Appellant*

Oral Argument Requested

_____

i

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................... ii

TABLE OF AUTHORITIES ............................................................................ iii

INTRODUCTION .............................................................................................. 1

ARGUMENT ...................................................................................................... 2

    I.    Summary judgment should not have been granted given a genuine dispute of material fact existed based on Appellee's own deposition testimony. ................................................................................................... 2

    II.   Producers correctly appealed the only final appealable order in this case. ........................................................................................................... 5

    III.  All evidence relied upon by Producers in its Principal Brief is a part of the record. ............................................................................................... 7

CONCLUSION ................................................................................................... 9

CERTIFICATE OF COMPLIANCE .................................................................. i

CERTIFICATE OF SERVICE ........................................................................... ii

# TABLE OF AUTHORITIES

**Cases**

*Bailey v. Floyd Cnty. Bd. of Educ.*, 106 F.3d 135 (6th Cir. 1997) ........................3

*Bonner v. Perry*, 564 F.3d 424 (6th Cir. 2009).......................................................5

*Chao v. Port City Group*, No.1:04-CV-609, 2005 U.S. Dist. LEXIS 28691, *9
   (W.D. Mich. Nov. 10, 2005)................................................................................7

*LidoChem, Inc. v. Stroller Enters., Inc.*, 500 F. Appx. 373 (6th Cir. 2012)........8, 9

*Mounts v. Grand Trunk W. R.R.*, 198 F.3d 578 (6th Cir. 2000) ..............................3

*Winskunas v. Birnbaum*, 23 F.3d 1264 (7th Cir.1994) ............................................3

**Statutes**

28 U.S.C. § 1291................................................................................................5

## **INTRODUCTION**

Appellees ask this Court to ignore genuine issues of material fact raised by their own testimony in order to uphold a flawed summary judgment award in their favor. Neither the law nor the record support such an outcome for at least three reasons. First, and perhaps most importantly, Appellees ask this Court to weigh factual evidence and conclude that Producers' testimonial evidence is less credible than Appellees'. This request is contrary to the fundamental standards governing summary judgment and the underlying principle that summary judgment is proper only in the absence of a genuine issue of material fact. Weighing the facts is a task for the jury. The District Court already erred by making such credibility assessments. This Court should not compound that error by giving in to Appellees' argument and weighing credibility on appeal.

Second, Appellees conflate the only final appealable order in the case with several underlying interlocutory orders. While those orders provide the substantive background for this appeal, Producers correctly appealed the District Court's Consent Judgment which fully and finally resolved the case.

Third, Appellees erroneously argue that Producers relied on evidence on appeal that was not before the District Court. That position is not supported by the record. In reality, Producers provided sound citations to the record for each of the propositions advanced in its Principal Brief.

# **ARGUMENT**

**I.     Summary judgment should not have been granted given a genuine dispute of material fact existed based on Appellee's own deposition testimony.**

This Court should reverse and remand this case because Appellees' own deposition testimony establishes a genuine dispute of material fact as to the nature of the fluctuations in Appellees' work hours.

In their Brief, Appellees raise essentially the same substantive arguments regarding the validity of Appellant's Belo Plan as they did on summary judgment before the District Court. (Appellees' Brief, Doc. 19, Pages: 18–26.) They argue that they presented "ample evidence" to demonstrate that variable hours were the result of Producers' "coordinated scheduling practices." (Id. at Page: 21.) They then argue that Producers presented *less* evidence, "snippets," that the fluctuation was caused by the nature of the work. (Id. at Page: 22.)

Producers cited to testimony from multiple Appellees that their fluctuations in hours were driven by market demands, i.e., boom-and-bust cycles, and not the Appellant's whims. (Appellant's Corrected Brief, Doc. 15, Pages: 20–22.) Appellees discount that testimony and argue that it is vague and fails to provide any real explanation as to what about the work caused the fluctuations in hours. According to Appellees, the vague nature of the testimony allowed the District Court to give it no weight. That is not the standard.

On summary judgment, the moving party (Appellees) must show the absence of a genuine issue of material fact, and the nonmoving party (Producers) must then come forward with specific facts showing that there is a genuine issue for trial. *Mounts v. Grand Trunk W. R.R.*, 198 F.3d 578, 580 (6th Cir. 2000). Producers must present admissible documents or attested testimony, such as that found in depositions. *Bailey v. Floyd Cnty. Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997) (citing *Winskunas v. Birnbaum*, 23 F.3d 1264, 1267 (7th Cir.1994)).

Appellees did not meet their burden and are not entitled to summary judgment in their favor. Appellees argue that there is no issue of fact because weeks where hours fell below 40 were the result of scheduled days off, not market demands. (Appellees' Brief, Doc. 19, Page: 21.) To manufacture the absence of a genuine issue of material fact, Appellees cherry-picked select time records where weeks falling below 40 hours coincided with scheduled days off. (Id.) At the same time, in a footnote, Appellees admitted that not all low weeks followed this pattern and there were weeks where employees' hours fell under 40 hours for reasons that were "not the result of scheduled days off." (Pls.' Resp. to Def.'s MSJ, R. 64, Page ID # 1031.) This alone demonstrates that Appellees did not meet their burden and are not entitled to summary judgment in their favor.

Moreover, even if Appellees identified portions of the record that support their arguments, Producers nonetheless met its burden to identify those portions of the

3

record that create a genuine issue of material fact, namely testimony from Appellees themselves. They clearly state that the fluctuations in their hours were "because of the work" and "how much work there was to do." Notably, they do not state that it was "because of scheduling policies" or "because of vacation days." (N. Jones Depo., R. 59, Page ID # 787–788, 97:9–98:4; K. Jones Depo., R. 61, Page ID # 592, 50:8–51:9.)

Appellees attempt to resuscitate their case in the face of such a glaring fact issue by arguing that Producers should have come forward with affirmative evidence explaining why the fluctuations occurred. (Appellees' Brief, Doc. 19, Page: 25.) That argument grossly misstates the burden Appellees' were required to meet for their own motion for summary judgment. Appellees have turned the summary judgment standard on its head and conflated Producers' burden with Appellees'.

On Appellees' motion for summary judgment, any dispute of facts should have been viewed in the light most favorable to the nonmovant—Producers. Additionally, any inferences regarding the deposition testimony and/or time records should have been drawn in favor of Producers. But the District Court lost its way and entered summary judgment for Appellees. At a minimum, the issue should have been presented to a jury and the jury should decide whether Appellant's evidence was vague or outweighed by Appellees'.

## II.     Producers correctly appealed the only final appealable order in this case.

Appellees spend considerable effort claiming that Producers failed to appeal the correct orders and thereby forfeited crucial arguments. (Appellees' Brief, Doc. 19, Pages: 26–28.) This argument misunderstands the basic concept of appealing a final judgment.

While this Court has jurisdiction only over "final decisions of the district courts," when a court grants partial summary judgment, that grant merges into a final judgment and can be reviewed upon appeal of the final judgment. 28 U.S.C. § 1291; *Bonner v. Perry*, 564 F.3d 424, 427 (6th Cir. 2009).

There is only one final appealable order in this case—the District Court's Consent Judgment dated February 23, 2023. (Consent Judgment, R. 133, Page ID # 1427-1429). Producers timely appealed that Judgment: "Notice is hereby given that Defendant-Appellant Producers Services Corporation appeals to the United States Court of Appeals for the Sixth Circuit from the Consent Judgment entered on February 23, 2023." (Notice of Appeal, R. 134, Page ID # 1430). As Producers' Notice of Appeal and Corrected Principal Brief specifically noted, however, the substance of this appeal arises not from what is contained within the four corners of the Consent Judgment, but rather the District Court's determination of liability in the November 14, 2019, Opinion and Order (Opinion and Order, R. 67). But this call out, as well as the procedural history provided by Producers in its Brief, was

5

made only for this Court's ease of review and understanding of the lengthy history of this case. That is necessarily so, because the November 14, 2019, Opinion and Order merged with the February 23, 2023, final judgment.

Additionally, all of Appellees' arguments concerning the District Court's determination on Producers' payment of bonuses are misplaced. In the November 14, 2019, Opinion and Order, the District Court held that Producers' Belo Plan was invalid for one reason only—that the duties of Producers' employees did not necessitate irregular hours of work. (Opinion and Order, R. 67, Page ID # 1116.) It did not address the other three Belo factors, nor did it make any substantive ruling with respect to bonuses. Instead, it was not until January 28, 2020, that the District Court ruled on bonuses *in the context of damages*, not in invalidating the Belo Plan. Accordingly, if this Court determines that the District Court's November 14, 2019, Opinion and Order (Opinion and Order, R. 67) was improperly decided and remands for further proceedings, it need never reach the issue of bonuses. (It also bears consideration that the January 28, 2020, Order on bonuses also merged into the Consent Judgment.)

Nevertheless, Producers has addressed the issue of bonuses in the context of its Belo Plan at length. Appellees counterarguments miss the mark in what distinguishes discretionary from nondiscretionary bonuses. For example, merely announcing that bonuses may be paid does not automatically require that they be

treated as nondiscretionary bonuses. *See, e.g., Chao v. Port City Group*, No.1:04-CV-609, 2005 U.S. Dist. LEXIS 28691, *9 (W.D. Mich. Nov. 10, 2005) (while a bonus was mentioned in the employee handbook, the handbook explained the discretionary nature of the bonuses, and the court denied summary judgment finding a genuine issue of material fact as to whether the bonuses were nondiscretionary). As Appellees admit, at the very least, "the question of whether the bonuses were discretionary is still open." (Appellee's Brief, Doc. 19, Page 16.)

### III.     All evidence relied upon by Producers in its Principal Brief is a part of the record.

Appellees assert that Producers' record, testimonial evidence should not be considered by this Court. Specifically, they argue that by failing to cite to certain excerpts of testimony from Appellees' depositions in the briefs before the District Court, Appellant is offering novel evidence on appeal. This is simply not the case. Producers' evidence is not new.

All of the deposition testimony Producers relies on is part of the record and is properly before this Court for review. The deposition transcripts were timely and properly filed with the District Court, and Appellees do not argue otherwise. Reliance on each portion of the record below is supported by citations to the correct record, and those portions of the record Appellant relies on unequivocally support its arguments. It is axiomatic that the entire record can (and should, in the interests

of justice) be considered on appeal. *LidoChem, Inc. v. Stroller Enters., Inc.*, 500 F. Appx. 373 (6th Cir. 2012).

In *LidoChem, Inc.*, this Court considered and rejected Appellees' argument that record evidence should be ignored simply because it was not cited before the District Court. *Id*, at 384.

There, the appellee argued that this Court had "no authority to consider facts in the summary judgment record that counsel did not mention specifically to the district court." *Id*. at 383. But this Court correctly determined that it has the "power to consider the entire summary judgment record . . . ." *Id*.

This Court went on to hold that when a deposition transcript is filed before the district court, the entirety of that record is properly before the court of appeals. *Id*. at 383. This is because, when reviewing a decision on summary judgment, the Supreme Court admonishes appellate courts to review the summary judgment record as a whole, conducting an "'independent review' of the factual record to decide that summary judgment was properly granted . . . or to decide that reversal of summary judgment was required." *Id*., internal citations omitted.

But this Court rejected Appellees argument for practical reasons, as well. It found that if this Court were to only consider those portions of the record that were cited in briefing below, it would deprive this Court of its ability to independently

8

review the record for evidence in support of or contradictory to the arguments advanced by the parties. *Id*.

> Finally, the rule proposed by the [Appellees] is impractical to apply and contrary to the purposes of appellate review. It would bar this court from considering evidence—either contradictory or supportive—found in reviewing the record on points raised and argued by the parties. While our rules and cases may not *require* us to consider that evidence, there is nothing in them that supports the notion that an appellate court must blind itself to germane evidence. Under *de novo* review, we must apply the law to the facts in the record, and the [Appellees'] proposal would necessarily hamstring fulfillment of that duty.

*Id.*, at 384.

The fact that different portions of the record are cited on appeal than were cited below is not synonymous with the presentation of novel evidence. As Appellees aptly put it: "the factual record presented to the District Court is the same record to be considered on [this] appeal." (Appellees' Brief, Doc. 19, Page 23.) The primary Plaintiff changed between briefing, and Appellant found it prudent and more persuasive to rely on his testimony, and other portions of the record, to support its appeal. However, Appellant does not advance any novel arguments that would have been waived at the District Court and this Court should consider the entire record on appeal.

## **CONCLUSION**

Producers paid its oilfield workers pursuant to a valid Belo Plan. Given the boom or bust nature of the oil industry, Producers developed a Belo Plan to shield

its employees from the lower paychecks that accompany downward cycles. In doing so, Producers paid employees the equivalent of forty hours per week plus twenty hours of guaranteed overtime every week. In addition, Producers paid overtime for every hour worked over 60 hours. By this plan, employees never lost out on pay for working more, but received a steady paycheck of 40 regular hours and 20 hours at time-and-a-half if they worked less. By Appellees' own admission, "These guys always—I mean, they paid us honestly and fair." (Deposition of Casey Foster, R. 58, Page ID # 723, 24:19 – 24:20.)

Appellees' Principal Brief makes much ado about nothing. As set forth above, this appeal and Appellant's arguments are properly before this Court for review. In all the noise, it would be easy to lose the heart of the issue—whether the District Court erred in granting summary judgment to Plaintiff-Appellees where there was, at a minimum, a genuine dispute of material fact for trial. Producers presented record testimony directly from Appellees in support of the position that the fluctuations in their hours were the result of the nature of their work—not Producers' scheduling practices. Appellees' counter that such testimony is vague, which would entitle the District Court to reject it. This ignores the summary judgment standard. What is more, Appellees make arguments regarding bonuses which the District Court never considered in the context of liability. In any event, Appellees

acknowledge that "the question of whether the bonuses were discretionary is still open."

As the briefing demonstrates, the District Court's entry of summary judgment was in error. Producers paid Appellees pursuant to a valid Belo Plan which should be upheld. At a minimum, the validity of the plan, including the issue of irregular hours, should have been submitted to a jury.

> Respectfully submitted,
>
> *s/ Nicholas S. Bobb*
> Brendan Feheley     (0079107)
> Nicholas S. Bobb     (0090537)
> Danielle M. Crane     (0098994)
> KEGLER, BROWN, HILL + RITTER
> 65 East State Street, Suite 1800
> Columbus, Ohio 43215
> Phone: (614) 462-5400
> Fax: (614) 464-2634
> bfeheley@keglerbrown.com
> nbobb@keglerbrown.com
> dcrane@keglerbrown.com
>
> *Counsel for Defendant-Appellant Producers Services Corp.*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing brief complies with the type-volume limitation provided in Fed.R.App.P. 32(a)(7)(B)(i). Excluding the parts of the document exempted by Fed.R.App.P. 32(f), the foregoing brief contains 2,491 words and is 11 pages long.

This document complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type-style requirements of Fed.R.App.P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Times New Roman (14 point) proportionally spaced type. The word processing software used to prepare this brief was Microsoft Word.

*s/ Nicholas S. Bobb*
Nicholas S. Bobb     (0090537)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing *Appellant's Reply Brief* was filed this 20th day of July 2023, using the CM/ECF system which will send electronic notification to all counsel of record.

                                              *s/ Nicholas S. Bobb*
                                              Nicholas S. Bobb    (0090537)